**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No.  07-cv-00143-REB-PAC

DAVID ALLISON, doing business as CHEAT CODE CENTRAL, a sole proprietorship,

      Plaintiff,

v.

JEREMY N. WISE, an individual,
DAVID SHEPHERD, an individual, and
STUART WRIGHT, an individual,

      Defendants.

---

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

**Blackburn, J.**

      The matter before me is **Defendant's Motion To Dismiss Plaintiff's First Amended Complaint** [#29], filed May 22, 2007.  I grant the motion.

### I.  JURISDICTION

      I putatively have subject matter jurisdiction pursuant to both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

      Defendant Jeremy Wise moves to dismiss plaintiff's claims against him on the ground that he does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over him in this forum.  The assumption of personal jurisdiction over a non-resident defendant on the basis of either a federal statute that

does not authorize nationwide service of process[1] or diversity of citizenship involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995). Second, the exercise of jurisdiction must comport with due process. *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992). Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*,

---

[1] Neither the Copyright Act nor the Lanham Act, both invoked here, provides for nationwide service of process. *See Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2nd Cir. 2000) (Copyright Act); *Nestle Prepared Foods Co. v. Pocket Foods Corp.*, 2007 WL 1058550 at *3 (D. Colo. April 5, 2007) (slip op.) (Lanham Act).

90 F.3d 1523, 1532 (10th Cir. 1996). Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); **Kuenzle**, 102 F.3d at 455. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation. **Helicopteros Nacionales de Columbia**, 104 S.Ct. at 1872; **Trierweiler**, 90 F.3d at 1533.

Second, if sufficient minimum contacts exist, I must determine then whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'" **Burger King Corp.**, 105 S.Ct. at 2184. Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "'reasonable' in light of the circumstances surrounding the case." **OMI Holdings, Inc. v. Royal Insurance Co. of Canada**, 149 F.3d 1086, 1091 (10th Cir. 1998). Factors relevant to that analysis include,

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

**Trujillo v. Williams**, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting **Pro Axess, Inc. v. Orlux Distribution, Inc.**, 428 F.3d 1270, 1279-80 (10th Cir. 2005)). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." **Id.** (quoting **Pro Axess**, 428 F.3d at 1280).

I have discretion to resolve the motion on affidavits and other written material. ***Behagen v. Amateur Basketball Association***, 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985). Plaintiff has the burden to establish a *prima facie* case of personal jurisdiction. ***Id***. I must accept the well-pleaded allegations of the First Amended Complaint as true. ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d at 733. However, plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." ***Pytlik v. Professional Resources, Ltd.,*** 887 F.2d 1371, 1376 (10th Cir. 1989).

### III. ANALYSIS

Plaintiff owns and operates a website, *www.cheatcc.com,* "where he writes, compiles, arranges, and posts information and commentary on video game strategies, tips, hints, tricks, and cheat codes." (**First Am. Compl.** ¶ 11 at 4 [#26], filed May 10, 2007.) Plaintiff holds a registered copyright in the content of the website, and the website contains a notice of the copyright. (*Id*. ¶¶ 14-15 at 5.) Defendant Jeremy Wise operates a group of competing websites collectively known by the name the Lair Alliance Network. Plaintiff alleges that text contained on certain Lair Alliance Network web pages is identical to pages from *www.cheatcc.com*, and that Wise has wrongfully copied and reproduced plaintiff's copyrighted material. He asserts claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106 & 501, unfair competition and passing off under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Colorado state law, and violation of both the Colorado and Ohio consumer protection

acts.

Defendant Wise, a resident of Ohio, challenges the ability of this district court to exercise personal jurisdiction over him.[2]  He operates the Lair Alliance Network from his residence in Ohio.  His websites do not sell any products, but rather generate revenue entirely from advertising.  He has never advertised the Lair Alliance Network websites in any newspaper, magazine, or other media distributed in this state.  Wise personally has never resided, owned real property, held a bank account, or paid taxes in Colorado.[3]

There can be no doubt that the advent of the Internet has presented federal courts with a variety of new twists on our traditional concepts of personal jurisdiction.  Yet these foundational principles remain constant.  Despite the novelty of the medium, courts have rightly refused to allow the constitutional boundaries of state authority over non-residents to expand to the outer reaches of the Internet's wide-ranging capabilities.  As the Supreme Court presciently noted nearly fifty years ago:

---

[2]  In the alternative, Wise contends that venue is not proper in this district, citing 28 U.S.C. § 1391(b).  Claims under the Copyright Act, however, are governed by the venue provisions of 28 U.S.C. § 1400(a), which provides that suits thereunder may be instituted "in the district in which the defendant or his agent . . . may be found."  A defendant "may be found" in any judicial district to which he would be subject to personal jurisdiction.  *See Health Grades, Inc. v. Decatur Memorial Hospital*, 2006 WL 1704454 at *2 (10th Cir. June 22, 2006); *Triple A Partnership v. MPL Communications, Inc.*, 629 F.Supp. 1520, 1522 (D. Kan. 1986).  Thus, for present purposes, the personal jurisdiction and venue issues are essentially identical.  *Hudy e Soil Services, Inc. v. Tyler*, 46 F.Supp.2d 1157, 1161 (D. Kan. 1999).

[3]  Based on these facts, and the complete absence of any pertinent allegation to the contrary in the First Amended Complaint, it appears pellucid that Wise does not have the type of continuous and systematic contacts with Colorado necessary to sustain general personal jurisdiction over him in this district.

As technological progress has increased the flow of commerce between the States, the need for jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome. In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of *Pennoyer v. Neff*, to the flexible standard of *International Shoe Co. v. Washington*. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.

*Hanson v. Denckla*, 357 U.S. 235, 250-251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958) (citations omitted). Thus, despite the growing ease of national and international commerce made possible by the Internet, participation in the global, cyber-marketplace does not render a user subject to jurisdiction in any forum where his communications may have traveled or where a website that he may have visited is maintained:

Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 565-66, 62 L.Ed.2d 490 (1980). With these foundational principles in mind, I turn to the issue whether plaintiff has shown that Wise is subject to specific personal jurisdiction in this forum.

A federal court may assume specific jurisdiction over a non-resident defendant who "'purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" ***Benally v. Amon Carter Museum of Western Art***, 858 F.2d 618, 625 (10th Cir. 1988) (quoting ***Hanson***, 78 S.Ct. at 1239-40). In the context of intentional torts, this test has been alternatively stated as whether the defendant's actions "'were expressly aimed at' the forum jurisdiction and [whether] the forum jurisdiction was 'the focal point' of the tort and its harm." ***Far West Capital, Inc. v. Towne***, 46 F.3d 1071, 1080 (10th Cir. 1995) (quoting ***Calder v. Jones***, 465 U.S. 783, 789, 104 S.Ct., 1482, 1486-87, 79 L.Ed.2d 804 (1983)). The purposeful availment/express aiming requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." ***Benally***, 858 F.3d at 625 (quoting ***Burger King Corp.,*** 105 S.Ct. at 2183 (internal citations and quotation marks omitted)). The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." ***World-Wide Volkswagen Corp.***, 100 S.Ct. at 567.

Plaintiff argues that personal jurisdiction is proper because both the alleged tort and the injury occurred in Colorado. ***See Wenz***, 55 F.3d at 1508. This argument is wrong as a matter of fact as well as of law. Wise is alleged to have cut and pasted content from plaintiff's website. The First Amended Complaint does not include an allegation as to where this conduct occurred, but it does not specifically allege that Wise came to Colorado to consummate the tort. Based on Wise's uncontested

averment that he has never been to this state except as a child passing through on a family vacation, it is more reasonable to assume that such acts were done, if they were done, from Wise's own residence or office in Ohio. As a matter of law, in Colorado, "the place of the injury is the place where the tort is committed." **AST Sports Science, Inc. v. CLF Distribution Ltd.**, 2006 WL 686483 at *3 (D. Colo. March 16, 2006) (quoting **McAvoy v. District Court in and for the City and County of Denver**, 757 P.2d 633, 635 (Colo. 1988)) (internal quotation marks omitted). Thus, it appears that Colorado is neither the place of the alleged tort nor its harm.

Yet even if the injury properly were construed to have occurred in Colorado, this fact in itself would be insufficient to support personal jurisdiction over Wise in this forum. **See Regional Airline Management Systems, Inc. v. Airports USA, Inc.**, 2007 WL 1059012 at *5 (D. Colo. Apr. 4, 2007) (slip op.). Plaintiff "must present 'something more' than the injuries [he] allegedly suffered as a result of the out-of-forum [copyright] infringement." **Id.** (quoting **Schwarzenegger v. Fred Martin Motor Co.**, 374 F.3d 797, 804 (9th Cir. 2004)). That "something more" is the requirement that the defendant have "expressly aimed" his activities at the forum state such that the forum is the "focal point" of the tort and the injury:

> [W]hen a defendant intentionally takes some action with the knowledge that the result will be harm to a specific victim in another state, the picture involves more than mere foreseeability or the likelihood that fortuitous and undirected conduct will have an effect in the state.

**Far West Capital**, 46 F.3d at 1078 (quoting **Coblentz BMC/Freightliner, Inc. v. General Motors Corp.**, 724 F.Supp. 1364, 1368 (M.D. Ala. 1989), **aff'd**, 932 F.2d 977

(11th Cir. 1991)) (alteration in **Far West Capital**). **See also Pebble Beach Co. v. Caddy**, 453 F.3d 1151, 1158 (9th Cir. 2006) (defendant's knowledge of plaintiff's place of residence "goes to the foreseeable effect prong of the 'effects test' [of **Calder**] and is not an independent act that can be interpreted as being expressly aimed at" the forum state");**SCC Communications Corp. v. Anderson**, 195 F.Supp.2d 1257, 1262 (D. Colo. 2002).

Nothing in the First Amended Complaint can be fairly read to assert that Wise expressly aimed or purposefully directed his activities to Colorado.[4] There is, for instance, no allegation that the www.cheatcc.com website anywhere announces the fact that plaintiff is located in or in any way connected to Colorado. **Cf. Expert Pages v. Buckalew**, 1997 WL 488011 at *3 (N.D. Cal. Aug. 6, 1997). The mere fact that plaintiff holds copyright registrations in the website is not sufficient to support the conclusion that Wise purposefully directed his activities to this forum. **See Lindgren v. GDT, LLC**, 312 F.Supp.2d 1125, 1133 (S.D. Iowa 2004) (refusing to find that "constructive notice" attendant to the registration of a federal trademark evidences purposeful intent to target activities to the forum state). **But see Animation Station, Ltd. v. The Chicago Bulls, LP**, 992 F.Supp. 382, 384 (S.D.N.Y. 1998) (defendant who copied material from NBA team's website "would have had to know that many if not most of those fans reside in the Northern District [of Illinois], which would therefore be a

---

[4] Plaintiff does not argue, nor could he, that Wise's maintenance of entirely passive websites containing the allegedly plagiarized materials demonstrates purposeful direction. **See Pebble Beach Co.**, 453 F.3d at 1158; **Blackburn v. Walker Oriental Rug Galleries, Inc.**, 999 F.Supp. 636, 639 (E.D. Pa. 1998)

9

prominent place in which the Illinois-based plaintiff . . . would suffer injury and could

fairly bring suit").  There is not even an allegation that Wise knew that plaintiff was

located in this state, although such an allegation would not necessarily be sufficient in

itself to support the assumption of personal jurisdiction over Wise.  *See IMO Industries*

*v. Kiekert AG*, 155 F.3d 254, 265 (3rd Cir. 1998); *Regional Airport Management*

*Systems*, 2007 WL 1059012 at *5; *cf. Illustro Systems International, LLC v.*

*International Business Machines Corp.*, 2007 WL 1321825 at *10 (N.D. Tex. May 4,

2007).

In sum, the First Amended Complaint evidences nothing more than that the

economic impact of Wise's alleged copyright infringement is felt by plaintiff here in

Colorado.  Such a circumstance is based on the mere fortuity that plaintiff happens to

reside here, and is patently insufficient to permit the assumption of personal jurisdiction

over Wise in this forum.  *See Far West Capital*, 46 F.3d at 1079 (citing *Reynolds v.*

*International Amateur Athletic Federation*, 23 F.3d 1110, 1118-19 (6th Cir.), *cert.*

*denied*, 115 S.Ct. 423 (1994)).[5]

Finally, I reject plaintiff's request in the alternative to conduct limited

jurisdictional discovery.  Procedurally, the request, contained within the body of

plaintiff's response to the motion to dismiss, is improperly presented, and is subject to

denial on that ground alone.  *See D.C.COLO.LCivR* 7.1C ("A motion shall not be

---

[5]  Having found that plaintiff has failed to sustain his burden with respect to the minimum
contacts prong of the personal jurisdiction analysis, I do not consider the further inquiry whether the
assumption of personal jurisdiction over Wise would offend traditional notions of fair play and substantial
justice.

included in a response or reply to the original motion.  A motion shall be made in a separate paper.").  Substantively, plaintiff has failed to set forth factual allegations that suggest "with reasonable particularity" the possible existence of requisite contacts with this forum.  *Regional Airline Management Systems*, 2007 WL 1059012 at \*6 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003)).  I therefore decline to exercise my discretion to permit such discovery.  *See id.* (citing *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That **Defendant's Motion To Dismiss Plaintiff's First Amended Complaint** [#29], filed May 22, 2007, is **GRANTED**;

      2.  That all claims and causes of action asserted by plaintiff, David Allison, doing business as Cheat Code Central, a sole proprietorship, against defendant, Jeremy N. Wise, are **DISMISSED WITHOUT PREJUDICE**;

      3.  That defendant, Jeremy N. Wise, is **DISMISSED** and **DROPPED** as a party defendant to this lawsuit, and the case caption shall be **AMENDED** accordingly; and

      4.  That defendant, Jeremy N. Wise, is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1

      Dated December 26, 2007, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**